IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES OF AMERICA | : | CIVIL ACTION No. 12-2193 |
| | : | |
| v. | : | CRIMINAL ACTION No. 08-730 |
| | : | |
| EARL MOORE | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                     July 16, 2013

Defendant Earl Moore has filed a motion to vacate, set aside, or correct his conviction and sentence pursuant to 28 U.S.C. § 2255, asserting ineffective assistance of counsel. In a subsequent motion to amend, Moore seeks leave to clarify his ineffective assistance of counsel claim. For the following reasons, Moore's § 2255 motion and request to amend will be denied.

**FACTS**

On September 19, 2008, Moore met with Government witness Javier Rivas in a McDonald's parking lot, where Moore arranged to buy several kilograms of cocaine from Rivas. In a subsequent recorded telephone conversation on October 1, 2008, Moore arranged a meeting with Rivas for later the same day in order to purchase five kilograms of cocaine. That evening, Moore left his house carrying two bags, got into a white Acura and drove away. Officers with the Philadelphia Police Department were briefed about this investigation by the Drug Enforcement Administration (DEA) and were directed to pull Moore over if he was observed driving a vehicle. A police officer who knew Moore from previous encounters, and was aware Moore was driving on a suspended license and that there was an outstanding warrant for Moore's arrest due to unpaid parking tickets, pulled Moore over. When the police attempted to approach Moore, he fled in his car, leading police on a vehicular chase. Moore eventually stopped, got out

of his car, and retrieved the two bags from the passenger seat. Soon after leaving his car, Moore was arrested, and the police searched the bags, discovering $165,074 in cash and a sheet of paper containing numerical data. After his arrest the Philadelphia police gave Moore a citation for driving with a suspended license and then released him from custody.

On December 10, 2008, a grand jury returned an indictment charging Moore with one count of attempt to possess and distribute five kilograms or more of cocaine, in violation of 21 U.S.C. § 846. A bench warrant was issued on December 10, 2008. Moore was arrested and made his initial appearance in federal court on December 11, 2008. Prior to trial, Moore sought to suppress the evidence found in his bags, arguing the police lacked probable cause to stop his car and the reasons given for the stop were pretextual; however, his suppression motion was denied.

Trial began on January 7, 2010, following four motions to continue the trial date.[1] On January 11, 2010, a jury found Moore guilty. This Court thereafter sentenced Moore to 360 months of imprisonment and eight years of supervised release. Moore appealed, challenging the sufficiency of the evidence used to convict him and the reasonableness of his sentence.

On November 14, 2011, the Third Circuit affirmed his conviction and sentence. On April 24, 2012, Moore filed the instant pro se motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255, claiming ineffective assistance of counsel. In response, the Government filed a motion to dismiss on the merits. On July 30, 2012, Moore filed a motion to amend his § 2255

---

[1] Moore filed his initial motion to continue on February 20, 2009, which was granted and his trial rescheduled for August 3, 2009. On June 19, 2009, Moore filed a second motion to continue, which was granted and his trial rescheduled for January 4, 2010. The other two continuance requests were joint motions with the Government and pushed his trial to January 6, 2010 and ultimately January 7, 2010.

motion under Federal Rule of Civil Procedure 15(c) to include additional claims of ineffective assistance of counsel.

**DISCUSSION**

Pursuant to § 2255, a prisoner may move the court which imposed his sentence to vacate, set aside, or correct the sentence on the grounds that it violates "the Constitution or laws of the United States . . . or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). In his motion, Moore argues ineffective assistance of counsel based on his counsel's failure to (1) challenge the legality of the stop and subsequent search of his bags on Fourth Amendment grounds; (2) raise a violation of the Speedy Trial Act of 1974; (3) request *Brady* materials from the Government; and (4) provide Moore with all discovery material both prior to trial and prior to his appeal.

Where a petitioner seeks relief based upon a claim of ineffective assistance of counsel, the petitioner must satisfy the two-pronged test established in *Strickland v. Washington*, 466 U.S. 668 (1984). Under *Strickland*, a court must determine "whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." *Id*. at 686. The petitioner must show (1) his "counsel's performance was deficient," and (2) "the deficient performance prejudiced the defense." *Id.* at 687. The petitioner must establish that counsel's performance was deficient by demonstrating it fell below an objective standard of reasonableness. *Jermyn v. Horn*, 266 F.3d 257, 282 (3d Cir. 2001). To demonstrate prejudice, the petitioner must show that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

In the instant case, Moore claims his counsel failed to adequately challenge his stop by police on Fourth Amendment grounds. Moore argues the stop was unlawful because he had not

yet committed any crimes as he had not even arrived at the scene of the intended crime at the time of his arrest. Moore further argues that because the stop was illegal his counsel should have sought to exclude evidence found in his bags as fruit of an illegal search. This argument is without merit. Whether or not Moore had arrived at the scene of the intended drug crime is irrelevant to the legality of the stop. Rather, the police were justified in stopping Moore because they possessed "specific, articulable facts" that he was driving on a suspended license and because they were aware there was a warrant for his arrest. *See United States v. Richardson*, 504 F. App'x 176, 180 (3d Cir. 2012) (holding a traffic stop is a "reasonable 'seizure' when an objective review of the facts shows that an officer possessed specific, articulable facts that an individual was violating a traffic law at the time of the stop" (quoting *United States v. Delfin–Colina*, 464 F.3d 392, 397-98 (3d Cir. 2006))). Furthermore, Moore's flight from the traffic stop provided the police with reasonable suspicion to stop him. *See United States v. Bonner*, 363 F.3d 213, 218 (3d Cir. 2004) (holding flight from a "non-consensual, legitimate traffic stop" provides the police with reasonable suspicion to stop an individual for further investigation). The fact the stop was motivated, in part, by the Government's investigation is immaterial. *See Whren v. United States*, 517 U.S. 806, 813, 814-15, 816-17 (1996) (holding (1) a traffic stop's constitutional reasonableness does not depend on the arresting officers' motivations; (2) if police have probable cause, the temporary detention of a motorist suspected of a traffic violation is consistent with the Fourth Amendment's prohibition against unreasonable seizures regardless of whether a reasonable office would have been motivated to stop the vehicle by a desire to enforce traffic laws; and (3) in a traffic stop, the Fourth Amendment balancing inquiry does not require the court to weigh governmental and individual interests). In addition to reasonable suspicion to stop, the police had probable cause to arrest because the officers were aware that Moore was

4

driving on a suspended license. *See Virginia v. Moore*, 553 U.S. 164, 170 (2008) (finding an arrest does not violate the Fourth Amendment where police had probable cause to believe a motorist had violated state law by driving with a suspended license, even though under state law the officer should have issued a summons rather than made an arrest); *see also Atwater v. City of Lago Vista*, 532 U.S. 318, 354 (2001) (noting where a police officer has probable cause to believe an individual committed even a minor criminal offense in his presence the arrest is reasonable). Because both the stop and arrest were valid, the search was not illegal and the evidence found was not the fruit of an illegal search. Thus, counsel's performance was not deficient for failing to adequately challenge the stop or the admission of the evidence found in Moore's bags at trial.[2]

In his motion to amend his § 2255 motion, Moore seeks to clarify the aforementioned argument, asserting he is not contesting the legality of the seizure and search of his bag based on the stop, but is contesting the search as an illegal search incident to arrest. Even if the Court were to allow this amendment, the record shows the police did not violate Moore's Fourth Amendment rights in seizing and searching his bags. The United States Supreme Court has "flatly dismissed the idea that an ulterior motive might serve to strip [law enforcement] agents of their legal justification" to stop and search. *Whren*, 517 U.S. at 812. The Supreme Court has also "held that a traffic-violation arrest . . . would not be rendered invalid by the fact that it was 'a mere pretext for a narcotics search'; and that a lawful postarrest search of the person would not be rendered invalid by the fact that it was not motivated by the officer-safety concern that justifies such searches." *Id*. at 812-13 (internal citations omitted). As the stop and arrest were

---

[2] Moore's counsel did in fact challenge the stop, filing a motion to suppress the evidence seized from Moore on the grounds that the stop was pretextual and the police lacked probable cause. Moore's counsel's performance is not rendered deficient merely because he did not receive a favorable outcome.

valid due to Moore's traffic violations, Moore cannot show counsel acted deficiently or that he was prejudiced by counsel's handling of his motion to suppress, because the record does not support his claim of an illegal search.

Moore relies heavily on this Court's ruling in *United States v. Bennett*, No. 08-535, 2010 WL 1427593 (E.D. Pa. Apr. 8, 2010), to support his claim that his counsel was deficient in failing to argue illegal search incident to arrest. In *Bennett*, the Court held that the search of the defendant's backpack was not a valid search incident to arrest because by the time defendant's bag was searched he had been subdued, handcuffed, and surrounded by police; thus, the bag was no longer within his immediate control. *Id.* at *6. A warrantless search is generally unreasonable, unless justified by an exception, such as a search incident to arrest, which is permitted "to disarm a suspect in order to take him into custody," and "to preserve evidence for later use at trial." *Knowles v. Iowa*, 525 U.S. 113, 116 (1998). In making a lawful, custodial arrest, police can search the area within an arrestee's "'immediate control,'—construing that phrase to mean the area from within which he might gain possession of a weapon or destructible evidence." *Chimel v. California*, 395 U.S. 752, 763 (1960). *Bennett* is factually distinguishable from the instant case. Bennett's bag was not searched until after he had been handcuffed, surrounded by police officers, and the bag was no longer near him, while Moore's bags were in his hands when the police approached him, and lay next to him on the ground as he was being arrested. The fact that Moore was already handcuffed when police searched his bags does not render the search illegal. *See United States v. Shakir*, 616 F.3d 315, 321 (3d Cir. 2010) (holding that even where a suspect is handcuffed a search is permissible incident to arrest when, "under all circumstances, there remains a reasonable possibility that the arrestee could access a weapon or destructible evidence in the container or area being searched"); *see also United States v.*

*Nigro*, 218 F. App'x 153, 157 (3d Cir. 2007) (finding that a search of the defendant's bag was within the "temporal and geographic limitations necessary for a valid search incident to arrest," even though the defendant's bag was opened after he was handcuffed). Moreover, police had an objectively reasonable basis for conducting the search as Moore had just led them on a high speed chase and they had information that he was on his way to conduct a high value drug deal. *See United States v. Myers*, 308 F.3d 251, 267 (3d Cir. 2002) (finding that where there was an objective basis for the police to fear the arrestee, a search of the area where the arrest occurred is a valid search incident to arrest) citing *United States v. Abdul-Saboor*, 85 F.3d 664, 670 (D.C. Cir. 1996))). Therefore, counsel did not act deficiently in failing to challenge the search of Moore's bag as an illegal search, as it was reasonable for counsel to believe the search was a valid search incident to arrest.[3]

Moore's next claim–that his counsel was ineffective for not raising a violation of the Speedy Trial Act–is also meritless. Moore claims that the Speedy Trial Act was violated because he did not make his first appearance in federal court until 71 days after being arrested by Philadelphia Police on October 1, 2008; however, this argument misinterprets the statute. Pursuant to the Speedy Trial Act a federal criminal trial shall begin within 70 days from "the filing date (and making public) of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1). The Government filed its indictment on December

---

[3] Moore also claims his counsel purposefully failed to argue that the police did not follow the departmental policy regarding inventory searches in order to lose the motion to suppress and deter Moore from going to trial. "An inventory search is the search of property lawfully seized and detained, in order to ensure that it is harmless, to secure valuable items (such as might be kept in a towed car), and to protect against false claims of loss or damage." *Whren*, 517 U.S. at 812 n.1. Moore's argument is groundless because the evidence was discovered pursuant to a search incident to arrest, not as the result of an inventory search. Thus, Moore's counsel was not deficient by failing to raise this argument.

7

10, 2008, and Moore made his first appearance in federal court on December 11, 2008. For purposes of the Act, the 70-day clock only began when Moore made his first appearance in court. Moore's arrest by the Philadelphia Police on October 1, 2008, had no impact on the 70-day clock because it was not related to the federal charges. Moreover, while more than 70 days elapsed between the indictment and trial, this was the result of four defense continuance requests and not any undue delay by the Government. In computing the time within which trial must commence after a defendant is indicted, a period of delay is excluded if it "result[s] from a continuance granted by any judge on his own motion or at the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Because the 70-day clock did not begin until Moore made his first appearance in court on December 11, 2008, and the Act permits ends-of-justice continuances, which were appropriately granted by the Court, there was no Speedy Trial Act violation and Moore's counsel was not deficient for failing to argue such violation occurred.

Moore next argues his counsel was ineffective for failing to request *Brady* materials, but as counsel did in fact make such a discovery request, counsel did not act deficiently. When the Government suppresses evidence favorable to the defendant that is material to either guilt or punishment, the defendant's constitutional right of due process is violated. *Brady v. Maryland*, 373 U.S. 83 (1963). A *Brady* claim may arise (1) where previously undisclosed evidence reveals that the prosecution knowingly introduced perjured trial testimony; (2) where the government did not accede to a defense request for disclosure of exculpatory evidence; and (3) where the government failed to volunteer exculpatory evidence not requested. *United States v. Agurs*, 427

U.S. 97, 103-04, 106-07 (1976). In this case, Moore's counsel made a discovery request with a specific demand for *Brady* material, filing a pre-trial motion for disclosure of exculpatory evidence. ECF No. 13. The Government appears to have complied with all requests, and Moore has made no showing that material evidence has been withheld. Because counsel requested *Brady* materials, counsel's performance was not deficient.

Moore's final argument in his initial § 2255 motion is that his counsel failed to provide him with all discovery materials prior to his trial and prior to his appeal. Moore appears to argue he was not provided full discovery because he was not given access to documents under seal. He makes no argument that his counsel failed to provide him with any other discovery material. Federal Rule of Criminal Procedure 16 allows district courts to use protective orders to regulate the dissemination of criminal discovery. Fed. R. Crim. P. 16(d)(1); *see United States v. Wecht*, 484 F.3d 194, 211 (3d Cir. 2007) ("Courts may issue protective orders 'for good cause.'"). On December 29, 2008, the Government filed a motion under seal for a protective order limiting the disclosure of certain discovery materials. The Court granted the motion by Order of December 29, 2008, which prohibited defense counsel from giving Moore copies of certain discovery documents, but permitted counsel to review such documents with Moore when planning his defense and pursuing his appeal. Because Moore's counsel complied with a valid Protective Order, he was not ineffective for failing to give Moore copies of this discovery prior to trial or prior to filing his appeal. Moreover, Moore has not shown how the failure to provide him with the requested discovery material resulted in prejudice against him.

In his motion to amend, Moore makes one additional claim, asserting his counsel was ineffective for failing to object to the Court's denial of his request for a bench trial and failing to raise the issue before the appellate court. Moore requested a bench trial in this case on January

7, 2010, and after a colloquy with Moore, the Court denied the request. "There is no federal right to a non-jury criminal trial." *Smith v. Zimmerman*, 768 F.2d 69, 71 (3d Cir. 1985); *see also United States v. Cardenas-Borbon*, 629 F. Supp. 2d 445, 446 (M.D. Pa. 2009) ("The Sixth Amendment guarantees criminal defendants the right to a jury trial; however, there is no concomitant right to waive trial by jury and obtain a bench proceeding."). Moore's counsel did not act deficiently by failing to object to (or appeal from) the Court's denial of his request for a bench trial because Moore had no federal right to a bench trial.

Regarding Moore's motion to amend his initial § 2255 motion, a court may deny such leave based on "undue delay, bad faith, dilatory motive, prejudice, and futility." *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1434 (3d Cir. 1997)). Futility means that, even if the pleading were amended, it would fail to state a claim upon which relief could be granted. *Id*. Ultimately, "if a claim is based on facts that provide no basis for the granting of relief by the court, the claim must be dismissed." *Id.* at 117. Considering Moore's claims in his motion to amend are grounded in facts that provide no basis for his ineffective assistance of counsel claim, Moore's motion to amend will be denied as futile.

For the reasons set forth above, the Court concludes Moore's counsel did not act deficiently by not challenging the search of Moore's bags as an illegal search incident to arrest, the alleged violation of the Speedy Trial Act, and the failure to turn over *Brady* material, or by failing to provide Moore with all discovery materials. Accordingly, Moore's § 2255 petition based on ineffective assistance of counsel will be denied. Furthermore, because amendment would not remedy these failures, Moore's motion to amend will also be denied.

An appropriate order follows.

BY THE COURT:


   /s/ Juan R. Sánchez
Juan R. Sánchez