IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : |
| | : CRIMINAL ACTION |
| vs. | : |
| | : NO. 08-CR-0730 |
| EARL MOORE | : |

**M E M O R A N D U M**

**Chief Judge Juan R. Sanchez**                                       **October   19 , 2021**

      Defendant Earl Moore moves the Court for reconsideration of its Memorandum and Order entered on January 19, 2021 denying his Pro Se Letter Motion for Compassionate Release.  The Government again opposes the relief sought and for the reasons outlined below, the Court  denies Moore's motion.

**BACKGROUND**

      Following a jury trial in January 2010, Earl Moore was convicted of attempting to distribute more than 5 kilograms of cocaine in violation of 21 U.S.C. § 846.  He was subsequently sentenced to 360 months' imprisonment, 8 years of supervised release and a $5,000 fine.[1]  In May and July, 2020, Moore sought compassionate, early release and/or commutation of his sentence to home confinement on the grounds that his underlying medical conditions, in conjunction with the COVID-19 pandemic, posed a significant risk and danger to his health if he were to remain incarcerated.   After considering the evidence on Moore's medical conditions, the then-existing

---

[1] Moore had been categorized as a career offender within the meaning of § 4B1.1 of the U.S. Sentencing Guidelines as a result of having had two previous convictions for a firearms offense and a controlled substance offense.

1

prison conditions and the relevant factors outlined in 18 U.S.C. § 3553(a), together with applicable policy statements issued by the Sentencing Commission, the Court concluded that Moore had failed to meet the standard for compassionate release and denied his motion.

Moore then filed a pro se "Motion for Reconsideration of 18 USC § 3582(c)(1)(A) Compassionate Release" on January 30, 2021 which was received in the U.S. Court of Appeals for the Third Circuit on February 5, 2021. Moore had designated this motion as being filed in the "United States District Court for the Third Circuit." The Third Circuit docketed it as Case No. 21-1268 to protect Moore's right to appeal pursuant to the Rules of Appellate Procedure and Rule 3.4 of the Third Circuit Local Appellate Rules, but then returned it to the Clerk of the District Court for processing "according to your Court's normal procedures." The District Court docketed it as an appeal to the Third Circuit.[2] On March 4, 2021, Moore obtained counsel who then filed a "Counseled Supplemental Motion for Reconsideration of the Order Denying Reduction in Sentence." In compliance with the Court's order of March 9, 2021, the Government filed its response in opposition on March 17, 2021. Both the motion to reconsider and the response in opposition have been further supplemented through letter briefing and an October 18, 2021 oral argument. The matter is now ripe for disposition.

**LEGAL STANDARDS**

The purpose of a motion to reconsider is "to correct manifest errors of law or fact or to present newly discovered evidence." *Harsco Corp. v. Zlotnicki,* 779 F.2d 906, 909 (3d Cir. 1985). "Where evidence is not newly discovered, a party may not submit that evidence in support of a motion for reconsideration." *Id.* Motions for reconsideration may be filed in criminal as well as in civil cases and are adjudicated using the same standards utilized for civil motions for

---

[2] There was thus some initial confusion regarding the procedural posture of the case.

reconsideration. *United States v. Fiorelli*, 337 F.3d 282, 286 (3d Cir. 2003); *see also, United States v. Hill-Johnson*, 806 F. App'x. 114, 119 (3d Cir. 2020). Such motions may be granted only if the movant "shows at least one of the following grounds: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not [previously] available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *United States ex rel. Schumann v. Astra Zeneca Pharm., L.P.*, 769 F.3d 837, 848-849 (3d Cir. 2014); *Max's Seafood Café, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "Motions for reconsideration are not designed to provide litigants a 'second bite at the apple.'" *United States v. Jackson*, Crim. No. 18-216, 2020 U.S. Dist. LEXIS 87670, at *3 (W.D. Pa. May 19, 2020) (quoting *Bhatnagar v. Surrendra Overseas Ltd.,* 52 F.3d 1220, 1231 (3d Cir. 1995)). Nor are they "to be used to relitigate, or 'rehash' issues the court already decided or to ask a district court to rethink a decision it, rightly or wrongly, already made." *United States v. Bonfilio*, Crim. No. 09-205, 2017 U.S. Dist. LEXIS 4544, at *4 (W.D. Pa. Jan. 12, 2017)(citations omitted). In short, "[m]otions for reconsideration are appropriate only to rectify plain errors of law or to offer newly discovered evidence and they may not be used to relitigate old matters or to present evidence that could have been offered earlier." *Schneller v. Philadelphia Newspapers, Inc.*, 636 F. App'x. 865, 868 (3d Cir. Jan. 19, 2016).

**DISCUSSION**

Moore asserts that the Court erred in three ways. First, he avers the Court failed to consider as extraordinary and compelling circumstances that if he were sentenced under the current law, his guideline sentencing range would have been 262 to 327 months rather than 360 months to life and the mandatory minimum sentence would have been 15, rather than 20 years. Second, Moore claims that the Court unlawfully treated as a separate, mandatory consideration the danger he would pose

to the community if released prior to completion of his sentence. Third, he contends the Court erred in failing to reassess the § 3553(a) factors as they stand now, at the time of the motion seeking early, compassionate release. These assertions are meritless.

For one, in his initial compassionate release motion, Moore did not make any argument or ask the Court to consider that his guideline sentencing range and mandatory minimum sentence would be less if he was sentenced today.[3] Thus, on this point there is nothing to reconsider. However, even if the Court were to interpret this argument as one raising an intervening change in controlling law, it would again fail. By Moore's own admission, the amendment on which he relies became effective on December 21, 2018[4] and *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020)[5] was decided nearly two months before the Court issued its ruling denying his motion for compassionate release. While there may have been a change in the law that would be applicable to Moore had he not already been sentenced, the fact remains that he was sentenced - in 2010, long before *Nasir* was decided and the First Step Act passed. To the extent these changes may be deemed as intervening law, that intervening law is clearly not controlling in this case.

---

[3] The essence of Moore's argument is that under the First Step Act amendments and *United States v. Nasir*, 982 F.3d 144 (3d Cir. 2020), the prior convictions on which his career offender status was based (a controlled substance offense and a resisting arrest conviction both under Pennsylvania state law) would no longer qualify him as a career offender. This is because Moore's conviction in this case was for an inchoate crime (attempt to distribute more than 5 kilos of cocaine) and his resisting arrest conviction under 18 Pa. C.S. § 5104 would no longer be deemed a crime of violence under USSG 4B1.2(a)(1) .

[4] *See*, 21 U.S.C. §841(b)(1)(A).

[5] In *Nasir*, the Third Circuit determined that inchoate crimes are not included in the definition of "controlled substance offenses" given in § 4B1.2(b) of the Sentencing Guidelines. *Id.*, 982 F.3d at 160. Thus, if he were sentenced today, Moore would not have been characterized as a career offender and would not have received the enhancement.

Furthermore, even giving Moore the benefit of his argument – that if sentenced today, he would have received somewhere between 262 and 327 months and the Court should have considered this in assessing whether "extraordinary and compelling reasons" warranting a reduction in sentence existed in his case,[6] the Court nevertheless cannot agree that he has made the necessary showing to be entitled to early release.[7] Moore has still served only 15 years[8] of what would have been a nearly 22-year sentence at a minimum. While the length of the time thus

---

[6] Again, the pre-requisite to sentence modification under 18 U.S.C. § 3582(c), is a finding by the Court, "after considering the factors set forth in section 3553(a) to the extent that they are applicable, … that

    (i)    extraordinary and compelling reasons warrant such a reduction;

    (ii)    the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, …

and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission; …"

[7] The Third Circuit's recent decision in *United States v. Andrews,* 12 F.4th 255 (3d Cir. 2021) now makes clear that as it has yet to be updated since passage of the 2018 Act, District Courts are *not* bound by the Sentencing Commission's existing policy statement contained in the commentary to USSG § 1B1.13, though it continues to provide useful guidance. *Id.,* at 260. *Andrews* further held that "the duration of a prisoner's sentence and the nonretroactive changes to mandatory minimums could not be extraordinary and compelling as a matter of law," but "may be a legitimate consideration for courts … when they weigh the § 3553(a) factors." *Andrews*, 12 F. 4th at 261, 262. This is in accord with nearly every other circuit court to consider these questions and with the conclusions of several of those other Judges on this bench who have considered the matter. *Id,* at 259 (citations omitted); *United States v. Bayron*, No. 95-cr-338-01, 2021 WL 632677 at *3 (E.D. Pa. Feb. 18, 2021); *United States v. Harris*, No. 97-cr-399-1, 2020 WL 7861325 (E.D. Pa. Dec. 31, 2020). Hence, the fact that a lesser sentence would have been imposed under current law may be among the factors evaluated in determining whether such "extraordinary and compelling reasons" exist to merit a reduction in sentence.

[8] The Court credits Moore's assertion that he has accrued some 3 years of credit for good behavior over the past several years. In lieu of this credit, Moore has served 12 years thus far.

far served is a valid consideration, it is only one of the numerous other factors set forth in 18 U.S.C. § 3553(a):

(1) The nature and circumstances of the offense and the history and characteristics of the defendant;

(2) The need for the sentence imposed to reflect the seriousness of the offense, promote respect for the law, provide just punishment, to afford adequate deterrence to criminal conduct, protect the public from further crimes of the defendant, and to provide the defendant with needed vocational or educational training, medical care or other correctional treatment in the most effective manner;

(3) The kinds of sentences available;

(4) The kinds of sentence and the sentencing range established by the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines … that are in effect on the date the defendant is sentenced;

(5) Any pertinent policy statement issued by the Sentencing Commission … in effect on the date the defendant is sentenced;

(6) The need to avoid unwarranted sentence disparities between defendants with similar records convicted of similar conduct; and

(7) The need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a) (1) – (7).

In adjudicating Moore's initial motion for compassionate release, the Court carefully considered Moore's arguments under the prism of the § 3553(a) factors. In so doing, the Court specifically found "… the § 3553(a) factors weigh against compassionate release…" . Mem. Of Jan. 19, 2021, ECF No. 142, at 6. Without repeating this earlier analysis, the Court again finds the circumstances surrounding Moore's commission of the very serious crime of which he was convicted here, his past criminal history, the necessity that the sentence reflect the seriousness of Moore's criminal actions and deter him and others from such future activities and protect the public from such further crimes all militate in favor of keeping him incarcerated. Although the Government did indeed concede that his health conditions (hypertension, mild chronic kidney

disease and obesity) placed him into the category of persons to whom COVID-19 posed a high risk, these conditions were all being well-managed in the prison setting.  Further, the record in this matter now reflects that Moore has been vaccinated against this disease.  Thus, the danger that Moore will contract COVID-19 or suffer serious illness as a result has been significantly ameliorated, though admittedly not entirely eliminated. [9]  Def.'s Reply in Support of Mot. for Comp. Rel., ECF No. 153, at 4-6.

There is similarly no reason to revisit the denial of Moore's motion for the reason that the Court improperly considered the danger he would pose to the community if released prior to completion of his sentence as a separate, mandatory factor.  Moore reiterates that inasmuch as the Sentencing Commission's existing policy statement concerning USSG § 1B1.13 has yet to be updated, it is not binding upon the District Courts.  On this point too, *United States v. Andrews, supra.* is controlling and the record supports the Court's decision to deny Moore's request for early release.   The Court reviewed the evidentiary materials submitted, as well as Moore's medical records and applied the factors outlined in Section 3553(a) and in the Policy Statement.[10]  Moore

---

[9]  The Court does not dispute the validity of the medical journal articles provided by Moore's counsel that a vaccination program alone cannot be absolutely effective in preventing the spread of COVID-19 in a prison environment.  ECF No. 154.

[10]  The Policy Statement states that "extraordinary and compelling reasons exist" under any of the following circumstances:

    (A) Medical Condition of the Defendant.—

        (i)     The defendant is suffering from a terminal illness (i.e., a serious and advanced illness with an end of life trajectory.  …

        (ii)    The defendant is –

                (I)     Suffering from a serious physical or medical condition,

                (II)    Suffering from a serious functional or cognitive impairment, or

is currently 46 years of age, there is no evidence that he suffers from a terminal illness, deteriorating physical, functional or cognitive condition due to age or otherwise or presents any extenuating family circumstances. The Court previously weighed and balanced the relevant factors against one another and concluded that compassionate release was not appropriate. Practically speaking, Moore is now simply asking the Court to re-think its prior decision. This is not the proper function of a motion for reconsideration and there is no more reason to afford Moore relief now as there was on January 19, 2021.

---

    (III)    Experiencing deteriorating physical or mental health because of the aging process,

that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover.

(B) Age of the Defendant. – The defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less.

(C) Family Circumstances.—

    (i)    The death or incapacitation of the caregiver of the defendant's minor child or minor children;

    (ii)    The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

(D) Other Reasons. – As determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C).

…

(3) Rehabilitation of the Defendant. – Pursuant to 28 U.S.C. § 994(t), rehabilitation of the defendant is not, by itself, an extraordinary and compelling reason for purposes of this policy statement.

In this same vein, Moore's final argument that the Court erred in not reassessing the §3553(a) factors as they stand now, at the time of the motion seeking early, compassionate release also fails. As discussed at length above, the Court did indeed consider and apply these factors in light of Moore's health conditions and concerns, his behavior and activities while incarcerated, along with the ongoing COVID-19 pandemic, the conditions in his prison, and the actions and policies enacted by the Bureau of Prisons in response. If anything, Moore's likelihood of contracting COVID-19 has now been significantly diminished given his recent vaccination. There are no reasons to revisit the Court's earlier ruling and Moore's invitation to do is declined. His motion for reconsideration is denied in its entirety.

An appropriate Order follows.

BY THE COURT:

/s/ Juan R. Sanchez
_____
Juan R. Sánchez.          C.J.